## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **PEARL IP LICENSING LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:20-cv-00348** |
| **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS** | **Jury Trial Demanded** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pearl IP Licensing LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, and in support states, all upon information and belief:

### PARTIES

1.      Plaintiff Pearl IP Licensing LLC ("Pearl IP" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 2108 Dallas Pkwy, Ste 214 - 1042, Plano, TX 750 93-4362.

2.      Defendant Cellco Partnership d/b/a Verizon Wireless is a general partnership organized and existing under the laws of Delaware, with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920 ("Verizon").  Verizon is an indirect wholly-owned subsidiary of Verizon Communications Inc.  Verizon may be served through its registered The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.      In another litigation, Case 6:20-cv-00035-ADA, Verizon has admitted that it conducts business operations within the Western District of Texas, including at its facilities at 1820 S. Valley Mills Dr., Waco, Texas 76711; 5301 Bosque Blvd., Waco, Texas 76710; and 2812 W. Loop 340, Waco, Texas 76711.  Verizon further admitted that it has offices in the Western District of Texas where it sells, develops, and/or markets products including sales offices in Waco, Texas.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      In another litigation, Case 6:20-cv-00035-ADA, Verizon has admitted that "Verizon admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b)," and that "Verizon admits that it has offices in the State of Texas and that it has transacted business in the Western District of Texas but denies that Verizon has committed infringing acts in this district or elsewhere in the United States."

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d).  Verizon has offices and stores in the State of Texas, has transacted business in the Western District of Texas and has committed acts of direct infringement in the Western District of Texas.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).  Verizon maintains a regular and established place of business in this District, including by maintaining or controlling "Verizon Stores" in this District.

**PATENT 6,819,539**

8.      U.S. Patent No. 6,819,539, entitled "Method For Circuit Recovery From Overstress Conditions" (the "539 Patent") was duly and legally issued on November 16, 2004. A true and correct copy of the '539 Patent is attached as Exhibit A.

9.      The Patent disclosed and exemplified a unique and valuable apparatus for circuit recovery from overstress conditions, comprising circuits for detecting an event and resetting a device when the event is a first predetermined type and circuits for providing recovery when the event is a second predetermined type.  (See '539 Abstract).

10.     Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '539 Patent.

**COUNT I – INFRINGEMENT OF THE '539 PATENT**

11.     Plaintiff restates and incorporates by reference the foregoing allegations.

12.     In violation of 35 U.S.C. §271, Verizon directly infringed at least claim 8 of the '539 Patent by selling apparatus within the scope of claim 1 of the '539 Patent (but excluding any previously licensed apparatuses, including phones made or sold by Samsung or Apple) ("Accused Instrumentality").

13.     Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between one exemplary version of an Accused Instrumentality and claim 8 of the '539 Patent.

14.     Defendant have had knowledge of infringement of the '539 Patent at least as of the .service of the present Complaint

15.     As a result of Defendant' infringement of the '539 Patent, Plaintiff has suffered damages.

16.     Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendant' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

17.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Pearl IP LLC respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     an adjudication that Defendant have infringed the '539 Patent;

B.     an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '539 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C.     any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: April 30, 2020                 Respectfully submitted by:

*Of Counsel:*

|  |  |
|---|---|
| | <u>*/s/ Jay Johnson*</u> |
| George Pazuniak (#478) | Jay Johnson, Kizzia Johnson PLLC, |
| O'KELLY & ERNEST, LLC | 1910 Pacific Ave, Ste 13000, |
| 824 N. Market Street | Dallas, Texas 75201 |
| Suite 1001A | 214-451-0164 |
| Wilmington, DE 19801 | jay@kjpllc.com |
| (302) 478-4230 | |
| gp@del-iplaw.com | *Attorney for Plaintiff* |